UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRAD GIRDLER | CIVIL ACTION |
| VERSUS | No. 17-6593 |
| AMERICAN COMMERCIAL BARGE LINE, LLC | SECTION I |

## ORDER AND REASONS

Plaintiff Brad Girdler ("Girdler") alleges that he was injured while working aboard the M/V JOHN NUGENT, a vessel owned and operated by defendant American Commercial Barge Line, LLC ("ACBL").[1] Girdler contends that negligence on the part of ACBL resulted in his injury.[2]

Before the Court is a motion filed by ACBL to enforce a forum selection clause located in paperwork completed in relevant part by Girdler after he sustained his injury.[3] The motion asks the Court to dismiss Girdler's case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).[4] In the alternative, ACBL asks the Court to transfer the case to the U.S. District Court for the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. § 1404(a).[5] Girdler opposes the motion.[6]

**I.**

---

[1] *See* R. Doc. No. 1, ¶ 3-5.
[2] *Id.* ¶ 6.
[3] *See* R. Doc. No. 10-4, at 14.
[4] R. Doc. No. 10.
[5] *Id.*
[6] R. Doc. No. 12.

1

First, the Court points out that ACBL may not seek dismissal of this case pursuant to Rule 12(b)(3)[7] on the ground that the forum selection cause at issue renders venue "improper" in the Eastern District of Louisiana. The Supreme Court concluded in *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013) ("*Atlantic Marine*"), that "[w]hether venue is 'wrong' or 'improper' depends *exclusively* on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Atlantic Marine*, 134 S. Ct. at 577 (emphasis added). ACBL does not suggest that venue is improper in the Eastern District of Louisiana under federal venue laws.[8]

According to the *Atlantic Marine* Court, where a mandatory and enforceable forum selection clause "point[s] to a U.S. court," then "the proper mechanism for enforcing such a clause is a motion for transfer of venue under 28 U.S.C. §1404(a)." *Weber v. PACT XPP Technologies, AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atlantic Marine*, 134 S. Ct. at 575, 579). On the other hand, "the proper mechanism to enforce [a mandatory and enforceable forum selection clause] that calls for litigation in a domestic state court or in a foreign court is through a motion to dismiss on grounds of [*forum non conveniens*]." *Id.* (citing *Atlantic Marine*, 134 S. Ct. at 580).

The forum selection clause at issue in this case points to a U.S. court—namely, the U.S. District Court for the Southern District of Indiana, New Albany

---

[7] Rule 12(b)(3) provides for dismissal of an action for improper venue.
[8] *See generally* R. Doc. No. 10-1.

2

Division.[9] Thus, if the clause is both mandatory and enforceable, then 28 U.S.C. § 1404(a) provides the proper avenue through which ACBL may seek to enforce it.

II.

The forum selection clause that ACBL seeks to enforce appears on a form titled "Attending Physician's Statement of Functionality."[10] The paragraph featuring the clause provides, in full:

> I hereby authorize release of information on this form by the below named physician for the purpose of claim processing. I agree to fully cooperate and participate in all medically directed treatment, as necessary. Failure to do so could result in loss of the pay continuance benefit offered to me by ACBL. *I further agree that in the event I file a claim or lawsuit against ACBL relating to the pay continuance program and/or the incident giving rise to the illness and/or injury that is the subject of my leave of absence from work, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no effort to have such lawsuit or claim transferred or moved to any other court.*[11]

Girdler does not contend that this clause is not mandatory,[12] but only that it is unenforceable.[13]

---

[9] R. Doc. No. 10-4, at 14.
[10] *Id.*
[11] *Id.*
[12] "A mandatory [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum." *Weber*, 811 F.3d at 768. A clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum." *Id.* (emphasis in original). The Court notes that the clause at issue in this case indicates that Girdler agreed to "only" pursue litigation against ACBL in a specific forum and agreed to "make no effort" to pursue litigation in another court. R. Doc. No. 10-4, at 14.
[13] *See* R. Doc. No. 12, at 5-7. Girdler abandoned his argument that the 2008 amendments to the Jones Act rendered the forum selection clause null and void as a matter of law. *See* R. Doc. No. 23. Therefore, the Court will not consider the argument.

3

A party attacking a forum selection clause must show that that the clause is unreasonable under the circumstances in order to overcome the presumption that the clause should be enforced. *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016). A clause is unreasonable where

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)) (internal quotation marks omitted).

Girdler argues that the forum selection clause is unenforceable, because it is "fundamentally unfair" and "was placed into a document . . . by fraud or overreaching."[14] Girdler contends that "[a]bsolutely no mention of the clause was made to [him] in the letters sent to him regarding the pay continuation program."[15] He further contends that "the clause was not set off or distinguished in any way so as to alert [him] to the very significant right which ACBL was attempting to have him waive."[16] Girdler maintains that the clause "was buried in a paragraph" that featured information unrelated to the forum selection clause and that the form featuring the clause was directed toward Girdler's physician, not Girdler.[17]

---

[14] R. Doc. No. 12, at 5.
[15] *Id.* at 6.
[16] *Id.*
[17] *Id.*

4

The Court rejects Girdler's suggestion that the clause is unenforceable. The paragraph featuring the clause is located at the top of the "Attending Physician's Statement of Functionality" form.[18] It is boxed off from, and is written in the same font and text size as, the rest of the form.[19] The paragraph is labeled "To be completed by the Employee," and Girdler's signature appears directly below the paragraph.[20]

Further, courts in this district have enforced forum selection clauses in analogous situations. *See Smith v. Teco Ocean Shipping, Inc.*, No. 04-0445, 2004 WL 1638111 (E.D. La. July 20, 2004) (Porteous, J.) (in a case arising under the Jones Act and general maritime law, enforcing a forum selection clause located in a "Vessel Wage Continuation Plan" application completed by the plaintiff after he incurred his injury); *Taylor v. Teco Barge Line, Inc.*, No. 06-6094, R. Doc. No. 28 (E.D. La. Feb. 12, 2008) (Duval, J.) (same). Simply put, in light of the clause's presentation on the "Attending Physician's Statement of Functionality" form, Girdler's signature directly below the clause, and relevant case law, Girdler has not overcome the presumption that the clause at issue is enforceable.

## III.

The forum selection clause to which Girdler agreed is both mandatory and enforceable. As such, the Court will next consider whether to transfer the case to

---

[18] *See* R. Doc. No. 10-4, at 14.
[19] *See id.*
[20] *See id.*

the U.S. District Court for the Southern District of Indiana, New Albany Division—the court specified by the clause—pursuant to 28 U.S.C. § 1404(a).

Title 28, United States Code, § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "For the usual § 1404(a) . . . motion, the court considers various private- and public-interest factors." *Weber*, 811 F.3d at 767. The Fifth Circuit has adopted the factors enunciated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) "as appropriate for the determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

> The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.' The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'"

*Id.* (internal citations omitted). These factors are "not necessarily exhaustive or exclusive." *Id.*

However, "[t]he existence of a mandatory, enforceable [forum selection clause] dramatically alters this analysis." *Weber*, 811 F.3d at 767.

6

> First, the plaintiff's choice of forum 'merits no weight'; instead he has the burden of establishing that § 1404(a) transfer . . . is unwarranted. And second, the court should not consider the private-interest factors: Because the parties have contracted for a specific forum, they 'waive the right to challenge their preselected forum as inconvenient . . . .' Instead, the court should consider only public-interest factors. 'Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.' Cases in which the public-interest factors are sufficiently strong to outweigh a valid [forum selection clause] 'will not be common.'

*Id.* (internal citations omitted) (alteration removed).

Girdler has identified only "practical problems that make trial of a case easy, expeditious and inexpensive" in the Eastern District of Louisiana: docket speed, and judicial knowledge and experience in maritime cases.[21] *In re Volkswagen of Am.*, 545 F.3d at 315. However, as Girdler agreed to a mandatory and enforceable forum selection clause, the Court may not consider any private-interest factors in conducting its § 1404(a) analysis. Instead, the Court may only consider public-interest factors that counsel against transferring the case to the forum to which the parties contractually agreed. Given the fact that Girdler has not identified any such factors, the Court concludes that transfer of this matter to the U.S. District Court for the Southern District of Indiana, New Albany Division, is appropriate.

**IV.**

Accordingly,

---

[21] R. Doc. No. 12, at 7.

**IT IS ORDERED** that ACBL's motion is **GRANTED** and that the above-captioned matter is **TRANSFERRED** to the U.S. District Court for the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. § 1404(a).

New Orleans, Louisiana, December 18, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**